PROST, Circuit Judge,
concurring in the result.
While I agree with the result in this case, I write separately from the majority because I am concerned that the majority opinion might be interpreted to limit the kind of evidence that may be considered by the district court in determining deceptive intent. Although the majority correctly points out that a high level of materiality does not automatically presume intent, the language of the majority opinion seems to imply that a high level of materiality is entirely irrelevant to an inference of intent. See Majority Op. at 1321-22. If my reading is correct, this implication is contrary to both Federal Circuit precedent and basic principles of evidence law.
There is no dispute that materiality and intent are separate prongs of the inequitable conduct analysis, both of which must be proven by clear and convincing evidence. See Kingsdown Med. Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 872 (Fed.Cir.1988). After thresholds of materiality and intent are established, the court conducts a balancing test and determines whether the scales tilt to a conclusion that “inequitable conduct” occurred. Halliburton Co. v. Schlumberger Tech. Corp., 925 F.2d 1435, 1440 (Fed.Cir.1991). Within that balancing test, the more material the omission or the misrepresentation, the lower the level of intent required to establish inequitable conduct, and vice versa. Akzo N.V. v. United States Int’l Trade Comm’n, *1323 808 F.2d 1471, 1481-82 (Fed.Cir.1986). In the context of inequitable conduct, just as in all other areas of patent law, and all other areas of civil and criminal law, intent may be proven by circumstantial evidence. See, e.g., Molins PLC v. Textron, Inc., 48 F.3d 1172, 1181 (Fed.Cir.1995); Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1272 (Fed.Cir.1986).
Optium argues that it presented sufficient evidence of materiality and intent to survive summary judgment. See KangaROOS U.S.A v. Caldor, Inc., 778 F.2d 1571, 1576 (Fed.Cir.1988) (“Intent to mislead or deceive is a factual issue that, if contested, is not readily determined within the confines of Fed. R. Civ. Proc. 56.”). In doing so, Optium asserts that it presented evidence of a highly material reference that was known to the patentee and not disclosed to the patent examiner. Optium argues that since materiality and knowledge may support an inference of intent and the district court was required to draw all justifiable inferences in its favor for purposes of Emcore’s motion for summary judgment, the district court improperly granted Emcore’s motion.
The majority seems to reject Optium’s argument, at least in part, by holding that materiality and knowledge are per se irrelevant to the determination of whether an inference of intent is appropriate. See Majority Op. at 1321-22. To the extent the majority opinion can be read this way, this aspect of the opinion is contrary to the law of this court and inconsistent with fundamental concepts of relevant evidence. Moreover, it is unnecessary to the disposition of this case, which could easily be affirmed on its undisputed facts.
The definition of “relevant evidence” is evidence that tends to make the existence of any fact of consequence more or less probable. Fed.R.Evid. 401. If a reference is of very high materiality, and it is shown that the patentee knew of the reference, then it is more probable that the reference was withheld from the examiner with deceptive intent, as compared to a reference of low materiality. In other words, framed under our standard for deceptive intent, the more material the withheld reference, the more likely that an inference of deceptive intent is “the single most reasonable inference able to be drawn from the evidence.” See Larson Mfg. Co. of S. Dakota, Inc. v. Aluminart Prods. Ltd., 559 F.3d 1317, 1340 (Fed.Cir. 2009) (quoting Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1366 (Fed.Cir.2008)). As such, this court has expressly considered the level of materiality of a withheld reference in determining whether an inference of deceptive intent is appropriate. See, e.g., Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1366-67 (Fed.Cir.2007) (quoting Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1257 (Fed.Cir.1997)) (“We have never held that materiality is irrelevant to the question of intent. To the contrary, we have recognized that ‘a patentee facing a high level of materiality and clear proof that it knew or should have known of that materiality, can expect to find it difficult to establish “subjective good faith” sufficient to prevent the drawing of an inference of intent to mislead.’ ”); Purdue Pharma L.P. v. Endo Pharms. Inc., 438 F.3d 1123, 1134-35 (Fed.Cir.2006) (“In a case such as this, when the materiality of the undisclosed information is relatively low, there is less basis for inferring intent from materiality alone.”); see also Praxair, Inc. v. ATMI, Inc., 543 F.3d 1306, 1315-16 (Fed.Cir.2008); Ferring B.V. v. Barr Labs., Inc., 437 F.3d 1181, 1190-91 (Fed.Cir.2006); Critikon, Inc., 120 F.3d at 1256-57. Such consideration of materiality in determining intent does not mean that a high level of materiality alone presumes intent without other evidence as to the patentee’s state of mind. See M. *1324 Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., 439 F.3d 1335, 1340 (Fed.Cir. 2006). It likewise does not conflate the two prongs of the inequitable conduct test for a district court to find that the same evidence of materiality is probative of both prongs.
Accordingly, if a reference is of very high materiality, and it is shown that the patentee knew of the reference and appreciated its high level of materiality, and the patentee can offer no good faith explanation as to why the reference was withheld, then a district court may find such circumstantial evidence to be enough to support a finding of intent to deceive. Ferring B.V., 437 F.3d at 1191; Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., 394 F.3d 1348, 1354 (Fed.Ch-.2005) (“[I]n the absence of. a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information.”); Critikon, Inc., 120 F.3d at 1257. Depending on the facts of the case and the credibility of the witnesses, a district court might instead find that this circumstantial evidence is not sufficient to support a finding of intent to deceive. See Ferring, 437 F.3d at 1191 (declining “to lay down a general rule as to when intent may be or must be inferred from the withholding of material information by an applicant”).
The district court here found that the evidence of materiality and knowledge did not support an inference of intent, and thus deceptive intent was not among the inferences that could be reasonably drawn in favor of Optium, the nonmovant for purposes of Emcore’s summary judgment motion. Even accepting Optium’s contention that the withheld Willems reference was highly material, given the lack of other evidence of deceptive intent, the district court properly found that there was insufficient evidence of intent to survive summary judgment. It is undisputed that the inventors knew of the Willems reference and cited it in their internal research report and invention disclosure, but the reference was not submitted to the U.S. Patent and Trademark Office (“PTO”) during the prosecution of U.S. Patent No. 6,282,003 or U.S. Patent No. 6,490,071. In his deposition, one of the inventors testified that he believed he gave a copy of the invention disclosure and the internal research report, which cited the Willems reference, to one of the prosecuting attorneys. Yet none of the prosecuting attorneys have any recollection of seeing the Willems reference. Without.any evidence indicating a lack of credibility, this record suggests- — -at most — -negligence on the part of the inventors and the prosecuting attorneys in failing to effectively collaborate to ensure that all material references were submitted to the PTO. Yet even “ ‘gross negligence’ does not of itself justify an inference of intent to deceive.” Kingsdown Med. Consultants, Ltd., 863 F.2d at 876. Drawing all justifiable inferences in Optium’s favor, an inference of deceptive intent on these facts would be unreasonable. As such, the district court properly concluded that Optium’s evidence of intent was insufficient to survive summary judgment.
The breadth of the legal rule articulated by the majority opinion, however, seems to go further. For example, the majority describes Optium’s case as relying on a high level of materiality, but providing “no evidence ... of intent.” Majority Op. at 1321. An accurate description, however, would be that Optium relies on a high level of materiality and no other evidence of intent. To the extent that the majority opinion characterizes the level of materiality as per se irrelevant to the intent inquiry, the majority opinion errs. Any dicta in opinions of this court which may be interpreted as suggesting the same are also legally erroneous in that respect. See, e.g., *1325 Abbott Labs. v. Sandoz, Inc., 544 F.3d 1341, 1356 (Fed.Cir.2008) (“Materiality is not evidence of intent....”). Although materiality and intent are separate inquiries, both of which must be proven, it may often be the case that a district court finds the same evidence of materiality probative for both prongs of the analysis. Thus, it is not that a high level of materiality lowers the threshold evidentiary burden for an inference of intent, but rather, that a high level of materiality is circumstantial evidence of intent that brings the challenger closer to satisfying his burden.
Because, drawing all justifiable inference in favor of Optium, the facts of this case cannot support an inference of intent to deceive, I concur with the majority in affirming the district court’s grant of summary judgment of no inequitable conduct. I depart from the majority only to the extent that the majority opinion characterizes materiality as irrelevant to an inference of intent.